UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DEVODUS ROUSE, | ) | Civil Action No.: 4:13-cv-2742-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| WILLIAM R. BYARS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

This action arises from an assault against Plaintiff on February 26, 2013, while he was incarcerated within the South Carolina Department of Corrections (SCDC) at the Lee Correctional Institution.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant William R. Byars, Jr., Director of the SCDC, is liable for the constitutional violation of his "agents, employees and contractors under the legal doctrines of respondeat superior and non-delegable duty" for their failure to protect him from a known risk of harm.  Am. Comp. ¶ 2.  Plaintiff also asserts a state law claim of negligence.  Presently before the court is Plaintiff's Second Amended Motion For Leave to Amend Proposed Second Amended Complaint (Document # 89).[1]  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

_____

[1]Plaintiff previously filed a Motion to Amend his Complaint (Document # 52), which was granted without opposition.  Plaintiff then filed two additional Motions to Amend his Amended Complaint (Documents # 70, 74), which are **MOOT** as a result of his filing of the present Second Amended Motion for Leave to Amend Proposed Second Amended Complaint.

## II.    FACTUAL ALLEGATIONS

At all times relevant to this action, Plaintiff was incarcerated at LCI.  He alleges that he was placed in the Special Management Unit (SMU) for thirty days as a result of allegedly inappropriately touching a female corrections officer.  Am. Comp. ¶ 7.  Immediately prior to his commitment to SMU, Plaintiff met with Associate Warden Nolin as to his knowledge of a passage into a crawl space above the Kershaw Dormitory ceiling constructed by members of a prison gang known as "Folk Nation," in order to retrieve contraband thrown over the prison's walls.  Am. Comp. ¶ 8.  Associate Warden Nolin promised Plaintiff that he would investigate and give consideration as to the time he would spend in SMU in exchange for the information he provided.  Am. Comp. ¶ 9.  Within hours of receiving Plaintiff's information, prison administration discovered the crawl space and made it no longer accessible to the Folk Nation members to access the roof of the Kershaw dormitory to retrieve contraband "throw-overs."  Am. Comp. ¶ 10.

On February 26, 2013, Plaintiff was released early from SMU and placed in the mental health dorm under the guard of Corrections Officer Eve McKinney, who was friends with Poston, the officer Plaintiff was accused touching inappropriately.  Am. Comp. ¶¶ 6, 14.  Officer McKinney spoke to two known Folk Nation inmates and then left her post unattended for over thirty-five minutes. Am. Comp. ¶ 15.  The two Folk Nation inmates to whom McKinney was speaking and five other Folk Nation inmates assaulted Plaintiff, stabbing him twenty-five times and beating him severely in Officer McKinney's absence.  Am. Comp. ¶ 15.  No correctional officers intervened in the assault and Plaintiff returned to his cell on his own.  Am. Comp. ¶ 22.

After approximately ninety minutes, correctional officers discovered Plaintiff, who was bleeding profusely and virtually unresponsive.  Am. Comp. ¶ 24.  After another significant delay,

Plaintiff was moved to the Medical Clinic, and then to Carolina Pines Hospital, where it was determined that Plaintiff had collapsed lungs bilaterally, and severe soft tissue injuries to his left ear, left eye, and eyelid.  Am. Comp. ¶¶ 25-27.

Plaintiff alleges, inter alia, that "Defendant's administrative personnel, knowing that Plaintiff would be at risk for harm by Folk Nation members after he provided information as to their ceiling passage and "throw-over" activities deliberately or, at a minimum with deliberate indifference" and "possibly intentionally, based upon the relationship (an inaction) of Corrections Officers Poston and McKinney" "failed to properly protect [Plaintiff] from assault by those individuals."  Am. Comp. ¶¶ 33, 34.

## III.    PROCEDURAL HISTORY

Plaintiff filed this action on October 8, 2013.  The scheduling order provided a deadline to amend pleadings of February 10, 2014, and a discovery deadline of June 10, 2014.  See Scheduling Order (Document # 7).  Counsel for Plaintiff asserts that he did not receive any responses to his written discovery requests until after a protective order was entered on August 26, 2014.  See Confidentiality and Protective Order (Document # 30).  Although numerous motions were filed by Defendant to extend the dispositive motions deadline, neither party moved to extend the deadlines to amend pleadings or to complete discovery.  Despite the expiration of the amended pleadings deadline, Defendant did not object to Plaintiff's first motion to amend, and the amended complaint was filed August 12, 2015.  See Amended Complaint (Document # 63).  Further, it appears both parties continued to engage in discovery past the June 10, 2014, deadline.  Counsel for Plaintiff asserts that although several depositions were completed in June of 2015, others, including the deposition of Officer McKinney, were not completed until November 19, 2015.  Counsel for Plaintiff

states that Officer McKinney's deposition had been scheduled for June 16, 2015, but had to be canceled because of a death in McKinney's family.

On September 17, 2015, Defendant Byars filed his motion for summary judgment (Document # 67). Thereafter, on October 4, 2015, as referenced in footnote 1, Plaintiff filed a motion to amend his amended complaint, in which he sought to add as defendants Mark McCall, Steve Nolan, and Eve McKinney. See Motion to Amend Amended Complaint (Document # 70). Within the same motion, he also sought an extension of time to depose those he wished to name as defendants, as well as two witnesses, and to conduct additional written discovery. He argued that he needed this additional discovery in order to supplement his response to Defendant's motion for summary judgment. Then, on October 14, 2015, Plaintiff filed an Amended Motion to Amend Amended Complaint (Document # 74), wherein he asked to add the SCDC as a defendant in addition to those individuals named in the previous motion. Finally, on January 7, 2016, Plaintiff filed the present Second Amended Motion for Leave to Amend Proposed Second Amended Complaint (Document # 89). Therein, he stated that he has completed the depositions of Associate Warden Steve Nolan and Corrections Officer Eve McKinney on November 19, 2015. He stated,

> Based upon those depositions, it has been determined that the proper Defendant in this matter is Corrections Officer Eve McKinney and further that the evidence does not conform to the impleading of Warden Mike McCall, Associate Warden Steve Nolan, or present Defendant William R. Byars, Jr. **For that reason, Plaintiff by undersigned counsel moves the Court for leave to amend his proposed Second Amended Complaint naming Corrections Officer Eve McKinney as the sole Defendant in this matter.** Defense counsel has objected to the inclusion of the S.C. Department of Corrections based upon Eleventh Amendment grounds.

Second Amended Motion for Leave to Amend Proposed Second Amended Complaint p. 1.

Defendant filed a response in opposition (Document # 90), arguing that Plaintiff has failed to show

-4-

good cause to amend his amended complaint outside the scheduling order deadline, to which Plaintiff filed a reply (Document # 92). In his reply, Plaintiff argued that if his motion to amend is granted, he will not need to conduct any further discovery. If the motion is denied, he seeks an additional ninety days to depose current Defendant, former Director William R. Byars, Jr., and former Warden Mike[2] McCall as well as to conduct additional written discovery.

## IV.    DISCUSSION

As stated above, the deadline to amend pleadings in this action expired February 10, 2014. Plaintiff filed the present motion to add Corrections Officer Eve McKinney as a defendant on January 7, 2016, although he first moved to add her as a defendant on October 4, 2015, and has since amended that motion twice. When seeking to amend a pleading after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Rule 16(b) addresses the diligence of the moving party. Id. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Id. (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)). Under Rule 16(b), the "good cause" inquiry focuses on whether evidence supporting the moving party's proposed amendment could not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C.2003).

---

[2]Plaintiff has referred to both former Warden "Mark" McCall and former Warden "Mike" McCall.

Although Plaintiff attempts to address this "good cause" issue, his reasoning is confusing. He argues that he could not move to amend his complaint until after he completed discovery, which, he argues, was delayed as a result of Defendant's actions. He argues that "without discovery . . . [he] had virtually no precise knowledge of the facts and/or circumstances in this case," because "Plaintiff had some limitations in memory at the time of the Complaint's filing." Pl. Reply (Document # 92) pp. 1, 4. He further states that witness depositions, including those of Nolan and McKenney, "were the sole means the Plaintiff had to properly assign prima facie liability on his claim." Pl. Reply p. 4. Importantly, however, Plaintiff first moved to add McKenney (and others) as Defendants on October 5, 2015, before he deposed Nolan and McKenney on November 19, 2015.

Further, in arguing a lack of prejudice to Defendant, Plaintiff states that he "pled this matter including specific facts referable to McKenney alleging liability potentially accruing to her, but without information as to supervisory liability accruing th Director Byars" and "the Complaint as filed made it abundantly clear that McKenney was suspected to be deliberately indifferent to the Plaintiff's Eighth Amendment Constitutional Rights." Pl. Reply pp. 4, 6. However, this argument belies the "good cause" requirement that evidence supporting the proposed amendment could not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. Plaintiff also notes that Defendant Byars identified McKenney as the alleged violator of Plaintiff's constitutional rights in his Rule 26(A)(1) Disclosures, which are dated December 16, 2013. See Defendant's Rule 26(A)(1) Disclosures (attached to Def. Resp. (Document # 90-1)).

While Plaintiff asserts that there was no "precise knowledge" or "certainty" of the claim against McKenney until her deposition was taken in November of 2015, he fails to show that evidence otherwise was not available through the discovery process pursuant to the Federal Rules

-6-

of Civil Procedure or that it was not included in the discovery provided in 2014. In his original complaint, Plaintiff alleged a supervisory liability claim against Defendant Byars with the following factual allegations, inter alia: upon his release from SMU, Plaintiff was placed in a dorm under the guard of Officer McKenney, who was a friend of Officer Poston, the officer Plaintiff was accused of inappropriately touching; Officer McKenney was seen talking with two members of the Folk Nation gang and then left her post unattended for thirty-five minutes; during Officer McKenney's absence, seven members of the Folk Nation gang attacked Plaintiff; no corrections officers intervened in the assault and "some delay" occurred before anyone noticed his injuries; Defendant (Byars) failed to properly protect Plaintiff, "possibly intentionally, based upon the relationship (and inaction) of Corrections Officers Poston and McKenney;" and that "Defendant, through Corrections Officers Poston and McKenney, in failing to properly guard and protect the Plaintiff, acted with 'evil motive or intent,' and/or with 'reckless or callous indifference' to the Plaintiff's constitutional and civil rights." Compl.¶¶ 7-8, 10-11, 18 (Document # 1).

In his first Amended Complaint, Plaintiff added the allegations that he met with Associate Warden Nolin as to his knowledge of a passage into a crawl space above the Kershaw Dormitory ceiling constructed by members of a prison gang known as "Folk Nation," in order to retrieve contraband thrown over the prison's walls; Nolin promised Plaintiff that he would investigate and give consideration as to the time he would spend in SMU in exchange for the information he provided; and within hours of receiving Plaintiff's information, prison administration discovered the crawl space and made it no longer accessible to the Folk Nation members to access the roof of the Kershaw dormitory to retrieve contraband "throw-overs." Am. Comp. ¶¶ 8-10. With respect to McKenney, Plaintiff added allegations that she stated she left the Kershaw dorm to use the women's

restroom, although there was a female restroom in the Kershaw dorm.  Am. Compl. ¶ ¶ 16, 19.

Plaintiff also added allegations that the correctional officers failed to detect his injuries for

approximately ninety minutes, correctional officers discovered Plaintiff, and then, once the injuries

were discovered, another significant delay occurred before Plaintiff received any medical treatment.

Am Compl. ¶¶ 24-26.

In the proposed Second Amended Complaint, Plaintiff fleshes out some of the factual

allegations, such as adding the time McKenney was seen talking to a Folk Nation member,  that it

was one, rather than two, Folk Nation members to whom she was seen speaking, and that there was

a women's restroom not only within the Kershaw dorm, but "within steps of the officer's post."

Proposed Second Am. Compl. ¶¶ 17, 31. (Document # 89-1).  He also includes new allegations,

including that McKenney actually checked on Plaintiff in his cell after the attack but failed to notice

that he was injured and bleeding; the officer who eventually noticed Plaintiff's injuries called

McKenney and showed them to her; that Plaintiff filed a grievance against McKenney, to which

Warden McCall responded that she "was doing as she was directed by her supervisor for unit

operations and maintaining order and security for control movement;" and McKenney was called

away from her post by her supervisor but, either McKenney or her supervisor, failed to procure

another officer to take over her post in the Kershaw dorm, contrary to SCDC policy, which was the

proximate cause of Plaintiff's assault.  Proposed Second Am. Compl. ¶¶ 21, 23-24, 27, 32-34, 36.

As stated above, Plaintiff does not identify the newly obtained evidence that he argues was

necessary before he could name McKenney as a defendant in this action, thus, it is not clear when

during the discovery process Plaintiff learned of these new allegations.  Nevertheless, none of the

proposed, new factual allegations against McKenney are essential to state a claim against her for

-8-

violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from a known risk of harm. Rather, Plaintiff was aware of and, indeed, alleged in his original and first amended complaint, facts sufficient to state a § 1983 cause of action against McKenney under Fed.R.Civ.P. 8. However, Plaintiff chose to bring this action against Byars, the SCDC Director. Now, after Defendant Byars filed a motion for summary judgment, Plaintiff, based largely on the same facts already included in the first amended complaint, seeks to name McKenney as the proper defendant. In <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008), the Fourth Circuit considered whether good cause existed to allow an amended answer after the scheduling order deadline had passed and a summary judgment motion had been filed. The defendant explained his delay in seeking the amendment by stating that, when responding to the motion for summary judgment, counsel noted that there was another defense available that had not been raised in his answer. <u>Id.</u> The Fourth Circuit held "[t]his is far short of what is required to satisfy the good cause standard, and the District Court thus properly denied the motion." <u>Id.</u> <u>See also</u> <u>Halpern v. Wake Forest University Health Sciences</u>, 268 F.R.D. 264, 272-73 (M.D.N.C. 2010) (finding no good cause to add a new cause of action outside scheduling order deadline where a party realizes "that an existing claim suffers from a legal defect."); <u>Cf.</u> <u>Whichard v. Specialty Restaurants Corp.</u>, 220 F.R.D. 439, 441 (D.Md.2004) (denying plaintiff's motion to join an additional defendant five months after the court imposed deadline because plaintiff had ample notice before the deadline that the original defendant might not be the right party).

The only arguably relevant, new allegation is that McKenney checked on Plaintiff in his cell after the assault and she "failed to notice that he was injured and bleeding." Proposed Second Am. Compl. ¶ 21. This factual allegation is not particularly relevant to the failure to protect aspect of

Plaintiff's Eighth Amendment claim.  However, Plaintiff alleges in his first amended complaint and includes in his proposed second amended complaint "that in addition and/or alternatively, following Plaintiff's assault, Defendant acted with indifferent indifference [sic] in failing to discover Plaintiff's life-threatening injuries for a period of over ninety (90) minutes while he lay bleeding in his cell." Am. Compl. ¶ 43; Proposed Second Am. Compl. ¶ 55.[3]  Thus, the allegation that McKenney checked on Plaintiff following the assault and failed to notice that he was injured supports any deliberate indifference to serious medical needs claim that Plaintiff may be alleging.  However, as discussed above, Plaintiff does not indicate when he first learned of this factual allegation, which is relevant to whether he was diligent in seeking to amend his complaint.  Again, although Plaintiff argues that "only by deposing these witnesses and potential Defendants [Nolan and McKenney], could Plaintiff ascertain whether they were proper party Defendants."  Pl. Reply (Document # 87) p. 4.  However, the allegation regarding McKenney's failure to notice Plaintiff's injuries was included in Plaintiff's first iteration of his proposed second amended complaint, which was filed with the court on October 4, 2015, prior to the November 19, 2015, depositions of Nolan and McKenney.  Plaintiff makes reference to written discovery he received from Defendant in September of 2014, additional discovery regarding the identities of Folk Nation inmates on March 19, 2015, and depositions of other witnesses taken in June of 2015.  The court can only speculate as to when Plaintiff first learned of the allegation that McKenney checked on Plaintiff following the assault yet failed to notice his injuries.  Even assuming Plaintiff first learned of this factual information through the depositions taken in June of 2015, his first motion to amend his complaint to add this allegation, filed on October

---

[3]The proposed second amended complaint replaces "while he lay bleeding in his cell" with "while he suffered needlessly."

5, 2015, fails the diligence requirement for showing good cause to amend his complaint outside the scheduling order deadline. See, e.g., White v. Cabell Huntington Hosp., Inc., No. 3:08-1449, 2009 WL 4884372, *4 (S.D.W.Va. Dec. 10, 2009) (finding no good cause where information necessary for amendment available at least three months prior to motion to amend); Executive Risk Indem., Inc. v. Charleston Area Medical Center, Inc., No. 2:08-cv-810, 2010 WL 4117050, * 2 (S.D.W.Va. Oct. 19, 2010) (finding no good cause where depositions giving rise to new information were taken four months prior to motion to amend).

In sum, Plaintiff fails to present sufficient evidence to establish good cause for allowing a second amendment to his complaint over two years after the deadline to amend pleadings expired. Therefore, his motion to amend his amended complaint is denied.

Plaintiff asks, that if his motion to amend is denied, he be granted an additional ninety days to conduct discovery, including the depositions of Defendant Byars and former Warden Mike McCall, and additional requests to produce, interrogatories and requests to admit. Plaintiff cites to Fed.R.Civ.P. 56(d), through which a district judge may allow additional discovery when the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. Here, although Plaintiff filed a Rule 56(d) affidavit, he fails to present specified reasons why he cannot present facts essential to justify his opposition to summary judgment. Counsel for Plaintiff does not present any explanation for why he has not yet deposed the named defendant in this case or why additional written discovery is necessary almost two years after the June 10, 2014, discovery deadline. For this reason, Plaintiff's request for additional time to conduct discovery is denied.

The court notes that Plaintiff has filed a response to Defendant's motion for summary

judgment, although he appears to focus his arguments as to why summary judgment is not appropriate against his proposed, additional Defendants[4] rather than the current and only Defendant, William Byars.  Therefore, Plaintiff shall have fifteen days from the date of this order to file a supplemental response to the motion for summary judgment.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff's Second Amended Motion For Leave to Amend Proposed Second Amended Complaint (Document # 89) is **DENIED** in its entirety.  Plaintiff shall have fifteen days from the date of this order to file a supplemental response to Defendant's motion for summary judgment, if he so chooses.

**IT IS SO ORDERED.**


                                                         s/Thomas E. Rogers, III
                                                        Thomas E. Rogers, III
                                                        United States Magistrate Judge

May 20, 2016
Florence, South Carolina

_____

[4]Plaintiff's response was filed on October 5, 2015, when he was seeking to add Mark McCall, Steve Nolan and Eve McKinney as defendants.

-12-